**Elfriede MAYER, Plaintiff,**

v.

**OIL FIELD SYSTEMS CORP., Integrated Energy, Inc., Burton Joel Ahrens and "John Doe", fictitious, the true name or names of such defendants being presently unknown to the plaintiff, Defendants.**

**No. 82 Civ. 3757 (RWS).**

United States District Court, S.D. New York.

Oct. 21, 1985.

---

---

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiff Elfriede Mayer ("Mayer") has moved for reconsideration of the June 11, 1985, 611 F.Supp. 635, opinion of the court which dismissed this action. For the following reasons, Mayer's motion will be denied.

### 1. The closing of the transaction

Mayer contends that the June 11 opinion was mistaken in finding that the allegedly fraudulent transaction was consummated on October 15, 1981, three days after Mayer had concededly obtained knowledge of the facts which allegedly were concealed by the defendants. Mayer asserts, however, that the relevant date for the closing of the transaction is September 22, 1981 at which time Oil Field Systems, Inc. ("OFS") submitted its Reconfirmation of Acceptance to the Exchange Agent and thereby committed the limited partnerships to be bound by the transaction. In Mayer's view, this reconfirmation "fixed the liability for the misconduct of defendants long before the conversation of October 12, 1982 took place."

Mayer's statement of the facts underlying her claim confirms rather than rebuts the conclusion reached in the June 11 opinion. As viewed by the Court of Appeals, the limited partners' 10b-5 action is premised on evidence of deception which prevented the limited partners from invoking state court remedies to prevent consummation of a fraudulent transaction. The reconfirmation letter of September 22, 1981 which irrevocably committed OFS to the transaction did not foreclose Mayer's opportunity to seek a state remedy in 1981 but rather gave rise to such a cause of action. Such state remedies did not become unavailable until the closing of the transaction which could not have occurred before the October 15 cutoff date for reconfirmations of acceptances and did not actually occur until November 10, 1981. Since Mayer concedes that full disclosure occurred on October 12, 1981, she has not presented a claim under the federal securities laws.

### 2. Pendent jurisdiction

Mayer argues that notwithstanding the dismissal of her federal claims, the Court should retain the state law claims through the exercise of pendent jurisdiction. The exercise of pendent jurisdiction in this case where the federal claims have been dismissed on summary judgment before trial would be inappropriate absent exceptional circumstances. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 727, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Kavit v. A.L. Stamm & Co.*, 491 F.2d 1176, 1179 (2d Cir.1974). Mayer has not presented any persuasive rationale for treating this action as the exception to the rule. Since the New York civil rules allow a plaintiff to recommence a dismissed suit within six months without regard to the statute of limitations, N.Y.C. P.L.R. § 205, Mayer will not be unduly

prejudiced by the dismissal of her state law claims.

Mayer's motion for reconsideration is denied.

IT IS SO ORDERED.